In the Matter of DAVID L. JR. and Others, Children Alleged to be Abused and/or Neglected. DAVID L., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [988 NYS2d 140]—

Order of disposition, Family Court, Bronx County (Monica Drinane, J.), entered on or about February 11, 2013, which,

upon a fact-finding determination that respondent sexually abused his daughter and a child for whom he was legally responsible and derivatively neglected the four other subject children, released the children to the custody of their respective mothers, ordered respondent to be in a sex offender program, and issued a one-year order of protection against him on behalf of the children, unanimously affirmed, without costs, insofar as it brings up for review the fact-finding determination, and the appeal therefrom otherwise dismissed as moot. Appeal from order of fact-finding, same court and Judge, entered on or about January 14, 2013, unanimously dismissed, without costs, as superseded by the appeal from the order of disposition.

The determination that respondent sexually abused two of the subject children, and thereby derivatively neglected the four other subject children, is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). The out-of-court statements of sexual abuse made by respondent's daughter were corroborated by the medical evidence and testimony of her counselor (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Estefania S. [Orlando S.],* 114 AD3d 453, 453 [1st Dept 2014]). In addition, each child's statement detailing the abuse served to corroborate the other's (*see e.g. Matter of Nicole V.,* 71 NY2d 112, 124 [1987]). We perceive no basis to disturb the court's credibility determinations (*see Matter of Mia B. [Brandy R.],* 100 AD3d 569, 569-570 [1st Dept 2012], *lv denied* 20 NY3d 858 [2013]).

The court properly exercised its discretion in striking the testimony of respondent's daughter after she failed to return to complete it (*Matter of Amilya Jayla S. [Princess Debbie A.],* 83 AD3d 582, 583 [1st Dept 2011]) and in declining to admit an alleged CD recording of his daughter (*see Feldsberg v Nitschke,* 49 NY2d 636, 643 [1980]).

Respondent's arguments regarding the terms of the dispositional order are moot, since the terms have expired (*see Matter of Fawaz A. [Franklyn B.C.],* 112 AD3d 550, 551 [1st Dept 2013]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Freedman and Kapnick, JJ.